FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 9 2006 ★

PM
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
CARLOS RAMIREZ,                                      :

                              Plaintiff,             :          **MEMORANDUM AND ORDER**

        -against-                                    :          05-CV-4771 (SLT)

N.Y.C. POLICE DEPARTMENT, et al.,                    :
FOOD BAZAAR SUPERMARKET,
                                                     :
                              Defendants.            :
-----------------------------------------------------x

TOWNES, J.:

    Plaintiff, Carlos Ramirez, brings this <u>pro se</u> action pursuant to 42 U.S.C. § 1983, alleging

that he was falsely arrested by an officer of defendant New York City Police Department

("NYPD") after being falsely accused of an unspecified felony by the manager of defendant Food

Bazaar Supermarket ("Food Bazaar"). Plaintiff's application to proceed <u>in forma pauperis</u> is

granted. However, for the reasons set forth below, plaintiff's claims against Food Bazaar and

NYPD are dismissed, and plaintiff is granted leave to amend his complaint within thirty (30)

days of the date of this Order.

Background

    On October 7, 2002, the manager of the Food Bazaar Supermarket located at 39-14

Junction Boulevard in Jackson Heights, Queens, filed a felony complaint, accusing plaintiff of

unspecified offenses. That same day, plaintiff was arrested by an unidentified police officer.

Plaintiff alleges that he "explain[ed] to the arresting officer that this is a false arrest," but that the

officer nonetheless brought him to the Queens County Court Building.

    Plaintiff claims that he was never arraigned on the felony charges, but was detained at the

Queens House of Detention for Men for some unspecified period. At some juncture, the Queens

County District Attorney allegedly declined to prosecute plaintiff and directed that he be released from custody. The complaint does not specifically allege why the District Attorney declined prosecution, but states that "the maneger (sic) of Food Bazaar ... did not follow up on ... [his] felony complaint." Complaint, ¶ IV.

In September 2005, plaintiff, who is currently incarcerated in a New York State prison, filed this pro se action pursuant to 42 U.S.C. § 1983. The complaint principally alleges that plaintiff was "falsely arrested," id. at ¶ V, and implies that this arrest was based on a "felony complaint printed and signed by the Food Bazaar Supermarket ... [which] falsely stated that [plaintiff] should be arrested." Id. at ¶ IV. Plaintiff also alleges that the "arresting officer was wrong for making the arrest" after plaintiff explained to him "that this [was] a false arrest." Id. at ¶ IV. However, plaintiff does not name the arresting officer as a defendant or otherwise specifically identify him,[1] and does not request money damages or any other specific relief.

Discussion

This Court is required to review the complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental entity and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Similarly, 28 U.S.C. §1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is

---

[1] The complaint arguably implies that plaintiff seeks to sue other defendants affiliated with the NYPD by adding "et. al." after any mention of defendant NYPD.

2

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Because plaintiff is proceeding pro se, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Plaintiff's complaint alleges that this action is brought pursuant to 42 U.S.C. § 1983. However, the complaint does not state a § 1983 cause of action against either of the named defendants. In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Although plaintiff's complaint does not make any specific allegations concerning the nature of Food Bazaar, this Court will take judicial notice that this defendant is a corporation operating a chain of supermarkets in New York City. While there may be some question as to

3

the proper name of this defendant,[2] it is beyond dispute that this defendant is a private entity, not a state actor. To be sure, there may be instances in which a supermarket's conduct may constitute state action, such as where a supermarket has a "customary" or "pre-existing" arrangement with the police for detaining shoplifters. See, e.g., Hernandez v. Schwegmann Brothers Giant Supermarkets, Inc., 673 F.2d 771, 772 (5th Cir. 1982) (citing cases). However, to state a § 1983 claim against a private entity under this theory, the complaint "must allege facts demonstrating that the private entity acted in concert with [a] state actor to commit an unconstitutional act." Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir.), cert. denied, 506 U.S. 819 (1992). Plaintiff's complaint, which suggests that plaintiff was arrested by a police officer pursuant to a preprinted complaint prepared by the supermarket, does not suggest any basis for alleging that Food Bazaar's conduct constituted "state action."[3] Accordingly, plaintiff's claims against Food Bazaar are dismissed.

Plaintiff's claims against the New York City Police Department must also be dismissed because the NYPD "is not a proper party under §1983." Baker v. City of New York Police Department, Precinct #68, No. 97-CV-5923 (SJ), 1999 WL 118786, at *2 (E.D.N.Y. Mar. 1, 1999). Section 396 of the New York City Charter provides:

---

[2]According to March 22, 2000, and July 2, 2004, decisions issued by the Regional Director and Acting Regional Director, respectively, of Region 29 of the National Labor Relations Board, the Food Bazaar supermarkets were operated by a corporation named Bogopa, Inc. or Bogopa Services Corporation. See Bogopa, Inc., d/b/a Food Bazaar v. Local 890, League of International Federated Employees, Case No. 29-RC-9435, available at www.nlrb.gov/nlrb/shared_files/decisions/dde/2000/29-RC-9435.pdf; Bogopa Services Corp. v. United Food & Commercial Workers Union, Local 342, AFL-CIO, Cases No. 29-RC-10195 and 29-RC-10198, available at www.nlrb.gov/nlrb/shared_files/decisions/dde/2004/29-RC-10195(7-2-04).pdf.

[3]A supermarket's use of preprinted complaint forms does not imply -- much less demonstrate -- that the supermarket and the police have entered into the kind of plan which might render the supermarket a state actor. See Gramenos v. Jewel Companies, Inc., 797 F.2d 432, 436 (7th Cir. 1986).

4

> All actions and proceedings for the recovery of penalties for the
> violation of any law shall be brought in the name of the city of
> New York and not in that of any agency, except where otherwise
> provided by law.

Since the NYPD is an agency of the City of New York, and since there is no provision permitting

it to be sued independently, this section "has often been used to bar suit against the New York

City Police Department." Lovanyak v. Cogdell, 955 F.Supp. 172, 174 (E.D.N.Y. 1996) (citing

Wilson v. City of New York, 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992) (holding that the NYPD

is an agency of the City and may not be sued independently)); East Coast Novelty Co. v. City of

New York, 781 F.Supp. 999, 1010 (S.D.N.Y. 1992) (NYPD "is not a suable entity"); Brown-

Alleyne v. White, No. 96-CV-2507 (EHN), 1999 WL 1186809, at *7 (E.D.N.Y. Oct. 11, 1999)

(same)).

Although this Court could deem plaintiff's claims against the NYPD to have been filed

against the City of New York, see Lederman v. Adams, 45 F.Supp.2d 259, 265 n.5 (S.D.N.Y.

1999), plaintiff's complaint does not suggest any basis for suing the City. A plaintiff suing a

municipality or a municipal corporation under § 1983 "must prove that the constitutional wrong

complained of resulted from the corporation's official policy, custom, ordinance, regulation or

decision." Rookard v. Health and Hosps. Corp., 710 F.2d 41, 45 (1983) (citing Monell v. New

York City Dept. of Social Servs., 436 U.S. 658 (1978)). Since respondeat superior cannot be

used to establish municipal liability, Richardson v. Nassau County, 277 F.Supp.2d 196, 204

(E.D.N.Y. 2003) (citing Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397,

404-05 (1997)), proof that a municipality employed a tortfeasor will not, standing alone, establish

municipal liability. See Rookard, 710 F.2d at 45.

In this case, plaintiff's complaint suggests that his claims against the City would be predicated on a theory of respondeat superior. There is nothing in the complaint to suggest that plaintiff's allegedly false arrest resulted from an "official policy, custom, ordinance, regulation or decision" of the City of New York. Accordingly, this Court declines to construe plaintiff's claims against the NYPD as claims against the City of New York.

On the other hand, plaintiff's complaint suggests that plaintiff might be able to state a false arrest claim against the arresting officer. A false arrest claim pursuant to the Fourth Amendment of the United States Constitution, which guarantees the right of an individual to be free from unlawful seizure, including arrest without probable cause, "is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)(citing Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d. Cir 1995), cert. denied, 517 U.S. 1189 (1996); Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992); and Posr v. Doherty, 944 F.2d 91. 96 (2d Cir. 1991)). Under New York law, the elements of a false arrest claim are "(1) the defendant intended to confine [the plaintiff], (2) the defendant was conscious of the confinement, (3) the defendant did not consent to the confinement, and (4) the confinement was not otherwise privileged." Curry v. City of Syracuse, 316 F.3d 324, 335 (2d Cir. 2003) (citing Weyant, 101 F.3d at 853). Since a police officer who has probable cause to arrest the plaintiff is justified in doing so, probable cause "is a complete defense to an action for false arrest, ... whether that action is brought under state law or under §1983." Weyant, 101 F.3d at 852 (citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)).

Although the supermarket manager's felony complaint may have been sufficient to provide the arresting officer with probable cause, the allegations in plaintiff's complaint do not

permit this Court to determine, as a matter of law, that this officer was legally entitled to arrest plaintiff. Plaintiff's pleading does not attach a copy of the felony complaint or even specifically allege that the officer relied on that complaint in deciding to arrest plaintiff. Moreover, plaintiff's allegation that he "explain[ed] to the arresting officer that this is a false arrest," Complaint at ¶ IV, suggests that plaintiff may have provided information to undercut the finding of probable cause. Therefore, while the arresting officer may well have a viable defense to a false arrest claim, this Court cannot find that "a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Accordingly, plaintiff is granted leave to amend his complaint to attempt to state a false arrest claim against the arresting officer. Plaintiff's amended complaint shall provide specific allegations concerning the actions of this individual, including the place, date and approximate time of the arrest. If possible, the amended complaint should name the arresting officer. If plaintiff does not know the officer's name, the amended complaint can list him or her as a "John Doe" or a "Jane Doe." However, in that case, the amended complaint must provide additional information, such as the race, sex, approximate age, place of employment, and any other distinctive physical characteristics of the unnamed officer, which would assist in identifying him or her. In addition, plaintiff's amended complaint shall specify the type(s) of relief that plaintiff is seeking in this action and, if plaintiff is seeking money damages, shall indicate the amount of money plaintiff is demanding.

Conclusion

For the reasons set forth above, plaintiff's claims against Food Bazaar and the NYPD are dismissed. Plaintiff is granted leave to file an amended complaint to attempt to state a claim

7

against the arresting officer within thirty (30) days of the date of this Order. The amended complaint must be captioned, "Amended Complaint," and bear docket number 05-CV-4771 (SLT). The complaint should incorporate the information the Court has directed plaintiff to include.

No answer shall be required at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to amend his complaint within thirty (30) days, judgment shall enter dismissing the complaint. The Court certifies pursuant to 28 U.S.C. §1915 (a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**


SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
November 15, 2005